IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aaron Mathis, # 131594, ) | |
| ) | C/A No. 9:10-2073-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Michael McCall, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

In May 2001, Petitioner Aaron Mathis was indicted for incest and attempted criminal sexual conduct second degree with a minor. Petitioner's first jury trial ended in a mistrial after the prosecutor was unable to establish a chain of custody for some blood evidence. On retrial, Petitioner was found guilty on both charges. Petitioner was sentenced to life without parole for attempted criminal sexual conduct second degree with a minor and ten years, concurrent, as to the incest charge.

On June 1, 2004, Petitioner's conviction and sentence were affirmed by the South Carolina Court of Appeals. See State v. Mathis, 597 S.E.2d 872 (S.C. Ct. App. 2004). On August 5, 2005, Petitioner filed an application for post-conviction relief (PCR) in state court. The application was denied on July 24, 2008. Petitioner filed a motion to alter or amend on August 7, 2008, which was denied by the PCR court on November 6, 2008. Petitioner filed a petition for writ of certiorari to the South Carolina Supreme Court, which was denied on June 10, 2010.

On August 10, 2010, Petitioner, proceeding pro se, filed a petition in this court for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts the following grounds for relief:

**GROUND ONE**: Double Jeopardy. . . . After mistrial we felt the next trial would be double jeopardy.

>    **GROUND TWO**: Evidence of Prior Misconduct. . . . Trial court erred in admitting evidence of prior bad acts.
>
>    **GROUND THREE**: Admissibility of DNA Evidence. . . . Claim of custody never established.
>
>    **GROUND FOUR:** Ineffective Assistance of Counsel. . . . Failing to object to Dr's testimony.  Failing to move for a direct verdict of March Trial.  Appellant counsel was ineffective for failing to advise the client of his right to appeal to the S.C. Supreme Court.

Petitioner Under 28 U.S.C. § 2254 for Writ of Habeas Corpus 5-10 (ECF No. 1).

This matter is before the court on motion for summary judgment filed by Respondent on December 1, 2010.  On December 17, 2010, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedures and the possible consequences of failing to respond adequately.  Petitioner filed a response in opposition to Respondent's motion on January 24, 2011.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge issued a Report and Recommendation on June 15, 2011 in which he thoroughly discussed the issues raised by Petitioner and recommended that Respondent's motion for summary judgment be granted.  Petitioner filed objections to the Report and Recommendation on July 11, 2011.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28

2

U.S.C. § 636(b)(1).

Petitioner's objections read as follows:

I, Aaron Mathis, petitioner pro se, objects to the magistrate's report and recommendation based on the following:

I.

Whether the prosecoution here was barred by double jeopardy where the prior mistrial was caused by the state's failure to complete the chain of custody of the DNA evidence.

II.

Whether the court erred when it premitted the state to introduce prior bad acts of sexual advances by petitioner against victim.

III.

Whether the court erred when it admitted the leagal evidence used to established the DNA link the chain of custody.

VI.

Whether the lower court erred in finding that defense counsel was not ineffective for failing to object to the state's expert testifing out of order at petitioner's first trial, even thought chain of custody had not been established.

V.

Whether the lower court erred in finding defense counsel was not ineffective for failing to move for a direct verdict instead of a mistrial of petitioner's first trial.

VI.

Whether the lower court erred in finding that appellant counsel was not ineffective for failing to advise petitioner he could file an appeal with the lower court following the S.C. Court of Appeals adverse ruling in his direct appeal.

Objection to Report and Recommendation 1-2 (ECF No. 30).

The district court need not conduct a de novo review when a party makes only general and

3

conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly examined the record. The court adopts the Report of and Recommendation and incorporates it herein by reference. Respondent's motion for summary judgment (ECF No. 18) is **granted**. Petitioner's § 2254 petition is **denied**.

    **IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 26, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**